# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2012

Lyle W. Cayce
Clerk

No. 11-60481

DR. A. P. SORIANO,

Plaintiff-Appellant

v.

NESHOBA COUNTY GENERAL HOSPITAL BOARD OF TRUSTEES, In Their Official Capacities, Namely Roger Owen, Marvin Page, Jo Helen Daly, Kenneth Coleman, & Oliver Jolly; NESHOBA COUNTY GENERAL HOSPITAL MEDICAL STAFF EXECUTIVE COMMITTEE, In Their Official Capacities, Namely Patrick Eakes, M.D., Jon Boyles, M.D., Andrew P. Dabbs, M.D., & Vankat Yedlapalli, M.D.; NESHOBA COUNTY GENERAL HOSPITAL APPEALS COMMITTEE OF THE MEDICAL STAFF, In Their Official Capacities, Namely Walt Willis, M.D., Chairman Michael J. Nanny, M.D., & Phillip Lucas, M.D.; KAREN FIDUCIA, Individually and in her Official Capacity as Interim Administrator of Neshoba County General Hospital; R.N. BETH BURNS, Individually and in her Official Capacity as Head of Nursing Services of Neshoba County General Hospital; M.D. JEFFREY TODD WILLIS, Individually and in his Official Capacity as Member of the Medical Staff of Neshoba County General Hospital; M.D. WALTER WILLIS, Individually and in his Capacity as Chief of Emergency Room Services, Chairman of the Appeal Committee, & Member of the Medical Staff of Neshoba County General Hospital; M.D. ANDREW P. DABBS, Individually and in his Capacity as Chairman of the Medical Executive Committee of Neshoba County General Hospital & as a Member of the Medical Staff of Neshoba County General Hospital; M.D. JOHN MANN, Individually and in his Official Capacity as Member of the Investigative Committee of the Medical Staff of Neshoba County General Hospital; QUORUM HEALTH RESOURCES L.L.C.,

Defendants-Appellees

No. 11-60481

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:08-CV-68

---

Before REAVLEY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dr. A. P. Soriano sued the Neshoba County General Hospital's board of trustees and numerous staff members after his hospital privileges were revoked. He alleged claims for *inter alia* violation of procedural and substantive due process, defamation, and tortious interference with business relations. The district court granted summary judgment to the defendants, and Dr. Soriano appeals. Reviewing the record de novo, *see Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011), we AFFIRM for the following reasons:

> 1. The defendants afforded Dr. Soriano adequate procedural due process by granting him a multi-step peer review and appeal process pursuant to the hospital's medical staff by-laws. This process included review by the Investigative Committee, the Medical Executive Committee, the Appeals Committee, and the Board of Trustees. Dr. Soriano had the assistance of counsel at a formal hearing, and he was able to testify and cross-examine witnesses before his privileges were revoked. His procedural due process rights were not violated. *See, e.g., Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562 (5th Cir. 2003) ("The essential requirements of procedural due process under the Constitution are notice and an opportunity to respond."); *see also Caine v. Hardy*, 943 F.2d 1406, 1411–12 (5th Cir. 1991) (en banc).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60481

2. Dr. Soriano asserts that the review process was tainted because Dr. Mann, an Investigative Committee member, was biased, and because the members of the Appeals Committee were not neutral insofar as they stood to benefit financially from his removal from the hospital staff.  His assertions are conclusory and insufficient to create a fact issue in opposition to summary judgment.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  Moreover, with respect to Dr. Mann, the record shows that members of both the Medical Executive Committee and the Appeals Committee testified that they reviewed the record independently of Dr. Mann's report.  The defendants' decision to revoke Dr. Soriano's privileges was neither arbitrary nor capricious.  *See Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630–31 (5th Cir. 2011).

3. Dr. Soriano has failed to create an issue of fact as to whether the nurses were concerned about his failure to transfer a cardiac patient immediately, and whether the nurses ignored his orders to consult with Dr. Yedlapalli during the night.  Regardless whether the nurses indicated their concern on the patient's chart, the record shows that Dr. Soriano knew about the patient's elevated enzyme levels and that it was not the nurses' job to tell him how to respond.  As for the alleged orders to consult Dr. Yedlapalli, Dr. Soriano did not raise this issue in the district court, and he may not do so for the first time on appeal.  *See, e.g.*, *Greenberg v. Crossroads Sys., Inc.*, 364 F.3d 657, 669 (5th Cir. 2004) (arguments not raised in opposition to summary judgment may not be raised for the first time on appeal).  Furthermore, the patient's chart, the nurses' testimony, and even Dr. Soriano's pleadings in the district court, all show that Dr. Soriano ordered the nurses to consult with Dr. Yedlapalli and a cardiologist in the morning.

No. 11-60481

4. Dr. Soriano's claim for defamation because the defendants reported the revocation of his privileges to the National Practitioners Data Bank is without merit. The defendants are immune from this state-law claim pursuant to the Health Care Quality Improvement Act ("HCQIA"). *See* 42 U.S.C. § 11111(a)(1). Dr. Soriano asserts that the defendants were not motivated by a concern for quality health care, *see* § 11112(a)(1), because they treated him differently than other doctors who allegedly provided deficient care to patients but were not investigated. Besides failing to brief this contention adequately, Dr. Soriano expressly testified that he did not know whether the other doctors were investigated. Although he contends that an investigation of his case was not warranted, we do not second guess the merits of the decision but rather evaluate only whether the defendants afforded Dr. Soriano fair procedures and made a reasonable investigation and a reasonable decision based on the facts before them. *See Bryan v. James E. Holmes Reg'l Med. Ctr.*, 33 F.3d 1318, 1337 (11th Cir. 1994); *see also Johnson v. Spohn*, 334 F. App'x 673, 679–80 (5th Cir. 2009). Based on the record, we are satisfied that is the case.

5. Finally, with respect to the claim for tortious interference with business relations, Dr. Soriano provides only speculative and conclusory assertions in his brief. Moreover, the claim, like the state-law defamation claim, is barred under the HCQIA. *See* § 11111(a)(1).

AFFIRMED.